CAUSE NO. 21DCV0155

| | | |
|---|---|---|
| BILLIE ANDRUS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CHAMBERS COUNTY, TEXAS |
| | § | |
| QUALITY CARRIERS, INC. and | § | |
| JAVIER THOMPSON | § | **253rd** JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BILLIE ANDRUS hereinafter referred to as "Plaintiff", complaining of QUALITY CARIERS, INC., and JAVIER THOMPSON, hereinafter collectively referred to as "Defendants", and for cause of action would show unto the Court as follows:

I.

Discovery is intended to be conducted under Level 3 of Texas Rules of Civil Procedure 190.

II.

Plaintiff, BILLIE ANDRUS, is a resident of Vinton, Louisiana.

Defendant, JAVIER THOMPSON, is a resident of Hephzibah, Georgia. This defendant may be served with process by personal service at his residence located at 1127 Fox Den, Hephzibah, Georgia 30815.

Defendant, QUALITY CARRIERS, INC., is an Illinois corporation doing business in the state of Texas. This defendant may be served with citation by and through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

III.

The Court has jurisdiction over the controversy because the damages are in excess of the minimum jurisdictional limits of the Court.

**EXHIBIT A**

IV.

Venue is proper in Chambers County, Texas because a substantial part of the events or omissions giving rise to the claim occurred in said county.

V.

Plaintiff alleges that on or about April 26, 2019, she was involved in an automobile collision with the Defendants. Said collision was caused by one or more negligent acts and/or omissions on the part of the Defendants, which negligent acts were the proximate cause of personal injuries to Plaintiff.

On or about April 26, 2019, Plaintiff was travelling northbound in the 8900 block of State Hwy 146 in Baytown, Chambers County, Texas, attempting to make a right turn, when suddenly and without warning the Defendant, JAVIER THOMPSON, while in the course and cope of his employment, as an agent, employee or servant of Defendant QUALTY CARRIERS, INC., made an unsafe wide right turn and struck Plaintiff's vehicle. At the time of the collision, Defendant QUALITY CARRIERS, INC., owned the vehicle and entrusted the same to Defendant JAVIER THOMPSON. Defendant, QUALITY CARRIERS, INC., entrusted its vehicle to a driver that it knew to be either an unlicensed driver, reckless driver, and/or an incompetent driver, and Defendant, QUALITY CARRIERS, INC., knew or should have known that the Defendant Driver, JAVIER THOMPSON was an unlicensed driver, reckless driver, and/or an incompetent driver. Such negligence was the proximate cause of the collision subject of this suit because the negligence of the Defendant Driver, JAVIER THOMPSON, to whom the vehicle was entrusted was the proximate cause of the collision.

As a result of said collision, Plaintiff sustained severe injuries to her neck, back, shoulders and body generally.

2

Plaintiff would further show that he was gainfully employed at the time of the incident in question and has suffered damages from loss of earnings and loss of earning capacity in the past and that his capacity to earn wages in the future has been substantially impaired and injured as a result of this incident.

The collision and all damages and injuries resulting therefrom, were not caused by or contributed to by the Plaintiff nor did the same occur through any fault or negligence on the part of the Plaintiff, but were caused solely by the acts, wrongs, and/or omission of Defendants, which said acts, wrongs and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

VI.

On the occasion in question, the Defendants were guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence. Said acts, wrongs, and/or omissions include, without limitation, the following:

(1) In failing to maintain control of the vehicle;

(2) In failing to control speed;

(3) In failing to keep a proper lookout;

(4) In failing to make a safe turn;

(5) In driving in a negligent/ recklessly and unsafe manner;

(6) In failing to yield the right of way to the oncoming traffic;
(7) Driver inattentiveness;

(8) Respondeat superior;

(9) Negligence per se in violation of Sections 545.351 and 545.062 of the Texas Transportation Code;

(10) Negligent Entrustment; and

(11)   Committing various acts and/or omissions and all amounting to willful, wanton disregard, reckless and/or negligence, both statutory and common law, to be specified in detail at the time of trial.

## VII.

The accident described above and the ensuing damages and personal injuries sustained by Plaintiff was proximately caused by various acts, wrongs, and/or omissions on the part of the Defendants, and each and all of said acts, wrongs, and/or omissions amounted to negligence on the part of the Defendants.

## VIII.

As a proximate result of the incident made the basis of this suit and Defendants' negligent acts and conduct, the Plaintiff brings this suit against the Defendants to recover damages for the following items:

(1)   Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

(2)   Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

(3)   Mental anguish, physical pain and suffering, disability, and loss of enjoyment of life in the past and all reasonable probability, would be sustained in the future;

(4)   Physical impairment in the past and all reasonable probability, would be sustained in the future;

(5)   Disfigurement in the past and all reasonable probability, would be sustained in the future;

(6)   Loss of earnings and loss of earning capacity, future loss earning capacity and loss of earnings in the past and all reasonable probability, would be sustained in the future;

(7)   Pre-judgment and post-judgment interest; and

(8)   Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

4

IX.

Plaintiff would further show that at all times material hereto, Defendant, JAVIER THOMPSON, was acting in the course and scope of his employment with Defendant, QUALITY CARRIERS, INC. As such, Defendant QUALITY CARRIERS, INC. is vicariously liable for any and all acts of negligence on the part of Defendant, JAVIER THOMPSON, under the doctrine of respondeat superior.

X.

Plaintiff would show that the damages to be awarded herein is a matter lying largely, if not entirely, within the province of the Jury. In this regard, Plaintiff requests that the Jury award her fair and reasonable compensation for her damages. Based on the information currently available to Plaintiff, Plaintiff seeks monetary relief of not more than $1,000,000.00 to fairly and reasonably compensate her for her injuries, damages and losses.

XII.

Plaintiff also asserts a claim for prejudgment interest for all elements of damages that such interest is allowed for.

XIII.

**REQUEST FOR DISCLOSURE**

Under the authority of Texas Rules of Civil Procedure 194, Plaintiff requests that, within thirty (30) days after the filing of the first answer or general appearance, Defendant disclose the information or material described in Rule 194.2(b).

XIV.
**RULE 193.7 NOTICE**

Plaintiff intends to use all Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

5

## XV.
## **JURY DEMAND**

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff have and recover judgment of and from the Defendants pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial; together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
Fax (409) 813-8605

By: */s/ Sean C. Villery-Samuel*
SEAN C. VILLERY-SAMUEL
State Bar No. 24075533
svillery-samuel@pulf.com

ATTORNEY FOR PLAINTIFF